UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARATOGA ADVANTAGE TRUST TECHNOLOGY & COMMUNICATIONS PORTFOLIO,<br><br>    Plaintiff,<br><br>    v.<br><br>MARVELL TECHNOLOGY GROUP, LTD., et al.,<br><br>    Defendants. | Case No.  15-cv-04881-RMW<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 13, 23 |

On October 16, 2015, plaintiff filed suit against defendants Marvell Technology Group, Ltd., Sehat Sutardja, Weili Dai, Juergen Gromer, John G. Kassakian, Arturo Krueger, Randhir Thakur, Michael Rashkin, and Sukhi Nagesh, and Does 1-50 in Santa Clara Superior Court. *See* Dkt. No. 1-1. Plaintiff alleges violations of California Corporations Code § 800, breach of fiduciary duty, corporate waste, and negligent misrepresentation. *See id*. On October 23, 2015, Marvell removed this action to federal court. Dkt. No. 1. Plaintiff Saratoga Advantage Trust Technology & Communications Portfolio moves to remand this action to state court. Dkt. No. 13. A hearing was held on December 18, 2015.[1] Having considered the parties' arguments, the court

---

[1] After the hearing, Marvell filed an Administrative Motion for leave to submit additional materials. Dkt. No. 23. The court did not consider these materials and denies Marvell's motion as moot.

1

denies plaintiff's motion for remand.

## I. BACKGROUND

Plaintiff alleges that between November 20, 2014 and September 11, 2015, current and former Marvell officers and directors made false and/or misleading statements and failed to disclose negative information about Marvell's business operations, prospects, internal controls, and financial results. Dkt. 1-1 ¶ 3. Plaintiff alleges that this caused "the Company's stock to trade at artificially inflated prices," and that Marvell's stock price later dropped precipitously causing significant losses. *Id.* ¶¶ 3-5. Plaintiff "brings this action for the benefit of Marvell to redress injuries suffered as a result of the Individual Defendants' breaches of fiduciary duties and violations of law." *Id.* ¶ 51.

## II. ANALYSIS

Marvel removed the case to the United States District Court for the Northern District of California on the grounds that 1) the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(2)) permitted removal, and 2) federal diversity jurisdiction existed. Dkt. 1 at 2-4. Because the court finds removal jurisdiction based on diversity, it does not reach the question of removal pursuant to SLUSA.

Plaintiff is a citizen of Arizona. Dkt. 1-1 ¶ 11. Marvell asserts in its notice of removal that all defendants are citizens of "different States or foreign states." *See* Dkt. 1 at 3. Marvell also asserts that the amount in controversy exceeds the statutory minimum for diversity jurisdiction. *Id.* at 4. In its motion, plaintiff inaccurately represents that Marvell did not allege diversity jurisdiction. Dkt. 13 at 2-3 ("Defendants have alleged neither diversity jurisdiction or that Plaintiff's Verified Shareholder Derivative Complaint presents a meaningful (or any) question of federal law."). As noted, Marvell's notice of removal expressly identified diversity jurisdiction as a basis for removal.

Plaintiff does not challenge the existence of diversity in its briefing except to say that "[t]he named parties are, at best, slightly diverse, Marvell being headquartered in Santa Clara, California." Dkt. No. 13. Because plaintiff is a citizen of Arizona, even if Marvell were a citizen

2

15-cv-04881-RMW
ORDER DENYING MOTION TO REMAND
FC

of California, diversity would still be complete. Moreover, plaintiff acknowledged at the hearing that diversity exists. At no point has plaintiff challenged that the amount in controversy exceeds the statutory minimum. Plaintiff's sole challenge to diversity removal rests on the application of the forum defendant rule.

The forum defendant rule states that a civil action otherwise removable on the basis of diversity jurisdiction "may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b) (emphasis added). "The forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed." *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004) (affirming district court's denial of motion to remand because no local defendant was a party to the action at the time of removal). In its removal notice, Marvell noted that "[a]lthough some of the Defendants are citizens of California, the 'forum defendant rule' does not apply because none of the Defendants have been served." Dkt. 1 at 3. Plaintiff does not dispute that the defendants had not been served at the time of removal.

Plaintiff's argument is that Marvell's removal before service was "gamesmanship" and therefore improper. Dkt. 18 at 4. Some courts outside of this district have chosen to disregard the statutory language of Section 1441(b). *See, e.g.*, *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 642-43 (D.N.J. 2008) (finding that allowing gamesmanship through "a hasty filing of a notice of removal—is demonstrably at odds with Congressional intent"). However, "[c]ourts in this district have routinely applied the statute as it is written." *Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 WL 539392, at *1 (N.D. Cal. Feb. 9, 2010) (citing cases); *see also Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (following approach of the district and giving effect to the clear language of statute that "*only* prohibits removal after a properly joined forum defendant has been served") (emphasis added). Because Marvell had not been served at the time of removal, the forum defendant rule does not apply.

Plaintiff cites to *Carper v. Adknowledge, Inc.*, No. 13-CV-03921-JST, 2013 WL 5954898

3
15-cv-04881-RMW
ORDER DENYING MOTION TO REMAND
FC

(N.D. Cal. Nov. 6, 2013), but the *Carper* court remanded based on lack of complete diversity, not based on the application of the forum defendant rule. 2013 WL 5954898 at *1. Likewise, *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933 (9th Cir. 2006), a case cited by plaintiff at the hearing, is inapposite. Plaintiff relied on *Lively v. Wild Oats Markets* for the proposition that the forum defendant rule prevents a California resident from removing to federal district court in California on diversity grounds. In that case, the Ninth Circuit discussed the reasoning behind the forum defendant rule, explaining that the need for "to protect out-of-state defendants from possible prejudices in state court" is absent "where the defendant is a citizen of the state in which the case is brought." 456 F.3d at 940. However, the case did not involve application of the forum defendant rule before service. Notwithstanding the rule's purpose, the statutory language makes it clear that the rule does not apply before a defendant has been served. The court finds no basis for application of the forum defendant rule in this case.

### III.     CONCLUSION

For these reasons, plaintiff's motion is denied.

**IT IS SO ORDERED.**

Dated: December 21, 2015

_____
Ronald M. Whyte
United States District Judge

15-cv-04881-RMW
ORDER DENYING MOTION TO REMAND
FC